■ In the Matter of BRUCE CANNON, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [691 NYS2d 364] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 10, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination recalculating petitioner's term of imprisonment.

Petitioner was sentenced in 1985 to serve three concurrent terms of $8^1/_3$ to 25 years' imprisonment. He was paroled in 1994 and was subsequently returned to prison for a parole violation in 1996. Following petitioner's return to prison, his conditional release date was recalculated pursuant to Correction Law § 803 (5). Claiming that he was not given sufficient notice of the provisions of Correction Law § 803 and that his "good time allowance" was improperly recalculated, petitioner commenced this CPLR article 78 proceeding to challenge the determination. Supreme Court dismissed the petition and we affirm. Contrary to petitioner's argument, the record establishes that he was given adequate notice of the provisions of Correction Law § 803 as mandated by Correction Law § 803 (6) (*see, Matter of McNeill v Coughlin*, 212 AD2d 922, *appeal dismissed* 85 NY2d 1031). Petitioner's remaining arguments, including his claim that the recalculated conditional release date is erroneous and requires modification, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.